1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MONICA JONES, an individual, | NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| CITY OF SEATTLE, SEATTLE CITY LIGHT, DEBRA SMITH and JOHN DOE SMITH and the marital community composed thereof, MARCUS JACKSON and JANE DOE JACKSON and the marital community composed thereof, LUIS AMEZCUA and JANE DOE AMEZCUA and the marital community composed thereof, JOHN DOE CROMWELL and JANE DOE CROMWELL and the marital community composed thereof, | |
| Defendants. | |

COMES NOW the above-named Plaintiff, MONICA JONES, by and through her attorney, Vicky J Currie, and hereby alleges the following:

COMPLAINT FOR DAMAGES - 1

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-9922
Fax (253) 983-1545

## INTRODUCTION

Plaintiff, Monica Jones, was terminated in violation of Title VII of the Civil Rights Act of 1964 and in violation of the Washington Law Against Discrimination, contrary to Wash. Const. Art. I, sec. 11, and as a result of arbitrary and capricious actions of Seattle City Light and the City of Seattle.

Plaintiff alleges that she was discriminated against in the workplace from October 16, 2021 through February 7, 2022.

Plaintiff alleges that she was discriminated against because of her religion, race, and age.

Plaintiff comes to the Court to be made whole and for monetary damages pursuant to the City's specific application of its policy to her.

## JURISDICTION AND VENUE

Venue is proper in King County, Washington, and this Court has jurisdiction, pursuant to RCW 4.12.020.

Defendant City of Seattle is a municipality located in King County, WA.

Defendant Seattle City Light is a municipality located in King County, WA.

Plaintiff Monica Jones, an individual, a Credit and Collections Supervisor, formerly with the City of Seattle.

## STATUTORY PREREQUISITES

Due to the discrimination the Plaintiff endured, she filed a charge against the Defendants City of Seattle and Seattle City Light with the Equal Employment Opportunity Commission (EEOC) on August 5, 2022. The EEOC issued the Plaintiff a Right to Sue Letter on August 24, 2022. Plaintiff filed this action within 90 days of her receipt of the notice of the Right to Sue letter.

## FACTS

Plaintiff was employed by Defendant Seattle City Light within the City of Seattle as a Credit and Collections Supervisor for nearly 20 years, from July 3, 2002 through February 7, 2022.

COMPLAINT FOR DAMAGES - 2

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-9922
Fax (253) 983-1545

Pursuant to the Mayor of Seattle, Jenny Durkan's COVID-19 Vaccination Proclamations, the Plaintiff submitted a request for religious exemption from the Covid-19 vaccination in October 2021, an exercise of protected activity.

According to a "Recommendation for Separation Notification Letter" from DaVonna Johnson, the Chief People and Culture Officer, dated December 3, 2021, records indicate that Plaintiff's exemption was approved and she was moved into the accommodation process, however and accommodation could not be provided. Despite Plaintiff's initial belief that she would be approved for a religious exemption and accommodated to continue her employment, her request was ultimately denied for reasons unknown.

The Plaintiff's request for religious exemption was based on a sincerely held religious belief that she has practiced for over 30 years.

Defendants acknowledged that the Plaintiff had a legitimate conflict with the vaccine.

Defendants claimed that they were unable to offer any accommodations to the Plaintiff to resolve the conflict.

There is no evidence that Defendants made any attempt to eliminate the conflict or offered or suggested any accommodation that would be beneficial for both parties.

There is no evidence that the Defendants engaged in any meaningful dialogue with the Plaintiff to come to a reasonable agreement or find an accommodation that would allow the Plaintiff to continue working.

According to a November 17, 2021 email between the Plaintiff and Tara Ritchley, the Leave/ADA Program Specialist of the Employee Relations, People and Culture Business Unit, Ms. Ritchley acknowledged that many aspects of the Plaintiff's job can be performed remotely and that that had been the case during the course of the pandemic.

The Plaintiff suggested that she continue to telecommute from home (work remotely) since her duties consisted of problem solving that could be taken care of with a phone call or an email.

COMPLAINT FOR DAMAGES - 3

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-9922
Fax (253) 983-1545

In fact, Plaintiff had successfully telecommuted from home since March 2020, volunteering to come into the office a few days a week, prior to her termination, from October 1, 2021 through the first week of February 2022.

Despite this possible accommodation, the same above-mentioned November 17, 2021 email ended with this statement:

> *"In terms of next steps, you have the following options:*
>
> a. *Comply with the vaccine requirement by providing proof of first dose within 2 weeks of this email;*
>
> b. *Plan to retire, if eligible;*
>
> c. *Not comply by voluntary resignation;*
>
> d. *Or not comply by non-disciplinary separation (you'll be placed on administrative leave with an opportunity for a loudermill hearing).*
>
> *Please let us know by 12/1/2021 which option (a-d) you intend to select. If you have not communicated an option by 12/2/2021, you will default to option d."*

None of these options recognized Plaintiff's deeply held religious belief against vaccinations. They did not compromise in any way. It was clear that Plaintiff needed to comply with the vaccine mandate, or she would no longer have a position with Seattle City Light.

Defendants acted in a passive and/or generalized manner toward the Plaintiff and did not engage in a compassionate dialogue or attempt to show cooperation in resolving the conflict.

A reasonable accommodation was available as to the Plaintiff, in this case by continuing to work remotely.

Upon information and belief, the Defendants had pre-determined not to accommodate the Plaintiff's religious exemption.

We believe that this was due to two factors:

COMPLAINT FOR DAMAGES - 4

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-9922
Fax (253) 983-1545

1    First, Plaintiff's then-boss Luis Amezcua, had indicated in his direct reports performance

2    evaluations that, as the Union put it, "nobody would be working with him without a vaccine," but was

3    later advised to remove references to the vaccine mandate in the performance evaluations.

4    This statement by Mr. Amezcua is evidence that he was biased against the Plaintiff, resulting in

5    the determination that a reasonable accommodation could not be made for her.

6    Secondly, Plaintiff's race as an African-American. Multiple people who were African-American

7    were fired, while Caucasian people who were unvaccinated kept their jobs and were still allowed in the

8    building.

9    On a larger level, it seems that the City of Seattle had no intentions of granting religious

10    exemptions. At a meeting on or about October 30, 2021, Adrienne Thompson, of the Seattle Mayor's

11    office, was asked for written confirmation about the city's policy, as revealed to City's Human Resources

12    Leads on or about October 13, 2021, that no accommodations would be given by the city for any religious

13    exemptions.

14    To the above referenced inquiry, Ms. Thompson, stated: "After talking to the attorneys, we are

15    not comfortable providing such a statement."

16    Ms. Thompson did not respond that the policy of no accommodation for religious exemptions

17    was not the policy of the Mayor of Seattle, or of the City.

18    It is our belief that the practice of deprioritizing religious objectors was part of a city-wide policy.

19    Deputy Mayor Tiffany Washington stated, in an October 13, 2021, email to the Acting

20    Director of Seattle Human Services Department, with Ms. Thompson copied, "the department has to

21    prioritize those with medical exemptions. Once you address accommodations for this group you can move

22    to those with religious exemptions."

23    This statement seems to undermine the importance of religious exemptions and discriminate

24    against people of faith who applied for them.

COMPLAINT FOR DAMAGES - 5

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-9922
Fax (253) 983-1545

The risk posed by an unvaccinated, exempt employee is the same regardless of the reason that the employee obtained the exemption.

An employee exempt from the Mandate for medical reasons presents the same risk of Covid-19 transmission in a high-risk role as does an employee exempt from the Mandate for religious reasons.

Denying any accommodation based on the latest science is arbitrary and capricious as applied to any individual, whether seeking a religious or a medical objection.

On January 13, 2022, the Supreme Court rendered its decision in NFIB v. Department of Labor, a case challenging the Biden Administration's OSHA Vaccine Mandate. In a 6-3 decision, the United States Supreme Court blocked the federal government's Covid-19 vaccine and testing mandate for employers of 100 or more employees. As a result, the Covid-19 vaccine mandate should not have been enforced within Seattle City Light at the time of Plaintiff's termination.

On August 11, 2022, the Centers for Disease Control and Prevention ("CDC") issued guidance related to Covid-19 prevention and transmission that declared that both vaccinated and unvaccinated should be treated equally, removed requirements for social distancing and, instead, moving forward, requires a focus on the most vulnerable populations.

The CDC has acknowledged that the mandated vaccine does not stop infection or transmission.

On September 8, 2022, Governor Inslee announced his declared state of emergency would cease at the end of October 2022.

President Joseph Biden stated in a September 18, 2022, interview: "The pandemic is over. If you notice, no one's wearing a mask."

At the time of the termination of the Plaintiff, the Defendants lacked adequate evidence to support its assertion that the vaccine stopped or substantially inhibited virus transmission, and, in fact, was aware of substantial evidence that the vaccine stopped neither transmission nor infection.

The Defendants' policies of: (1) terminating or threatening to terminate unvaccinated employees, and (2) refusing to provide accommodation to employees refusing vaccination based upon sincerely held

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-9922
Fax (253) 983-1545

religious beliefs, are discriminatory policies in violation of the Washington Law Against Discrimination, and the provisions of the Washington Constitution regarding religious freedom.

The continuance of the Defendants' discriminatory policies, and failure to reinstate the Plaintiff does not forward any legitimate compelling government interest, is not logically or scientifically supportable, and does not constitute, and has never constituted, the least restrictive means of accomplishing a legitimate governmental purpose.

Governor Inslee has announced that he will be relinquishing his long-held emergency powers on October 31, 2022.

## FIRST CAUSE OF ACTION
## WASHINGTON LAW AGAINST DISCRIMINATION

The Plaintiff here realleges the allegations set forth above in this Complaint.

The Washington Law Against Discrimination has no exhaustion requirement.

### Failure to Accommodate

The Plaintiff holds sincere religious beliefs, and the Defendants were informed of the Plaintiff's sincerely held religious beliefs.

Defendants acknowledged and accepted the sincerity of the religious beliefs of the Plaintiff.

Defendants responded by refusing to entertain any reasonable accommodation to the Plaintiff, including but not limited to Plaintiff's proposed accommodations, with the result that the Plaintiff was forced to disregard her sincerely held religious belief or lose her chosen profession and livelihood.

Strict scrutiny applies in this case where fundamental and/or constitutional rights are involved.

Now that it is recognized by the CDC and the City of Seattle that the mandated vaccines do not prevent infection or transmission, even if viewed through a rational basis analysis, Defendant's actions, *and each day of the continuance thereof*, are arbitrary and capricious, by, without limitation, being contrary to the CDC's COVID-19 guidance.

COMPLAINT FOR DAMAGES - 7

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-9922
Fax (253) 983-1545

The Plaintiff has been damaged by having to elect between her livelihood and her sincerely held religious beliefs.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION**
**Disparate Impact**

The Plaintiff here realleges the allegations set forth above in this Complaint.

To the extent that Defendant's policy is facially neutral, it falls more harshly upon those within protected religious classes.

The Defendants have no legitimate business purpose to allow this disparate impact.

The Plaintiff has been damaged by the disparate impact of the Defendant's policy.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION**
**Public Policy against Religious Discrimination**

The Plaintiff here realleges the allegations set forth above in this Complaint.

The Plaintiff holds sincere religious beliefs. Defendants acknowledged and accepted the sincerity of the religious beliefs of the Plaintiff. Plaintiff was terminated for practicing her religion, which is her legal right; to practice her religious beliefs free from discrimination.

Plaintiff is within a protected class, was discharged by the Defendants, despite performing her job in a satisfactory manner.

Defendants' termination of Plaintiffs is a pretext for religious discrimination.

Plaintiff's termination violates a precept of public policy that prohibits employment discrimination that is forbidden by federal and state law.

**FOURTH CAUSE OF ACTION**
**Public Policy Tort Claim Against Religious Discrimination**

The Plaintiff here realleges the allegations set forth above in this Complaint.

COMPLAINT FOR DAMAGES - 8

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-9922
Fax (253) 983-1545

The Plaintiff holds sincere religious beliefs, which Defendants acknowledged and accepted.

Plaintiff was terminated for practicing her religion, which is a legal right of the Plaintiff.

Plaintiff was terminated in retaliation for exercising her religious beliefs.

Plaintiff had an employment agreement that could only be terminated for just cause.

Plaintiff's termination violates a precept of public policy that prohibits employment discrimination without just cause.

Plaintiff had an employment agreement containing express or implied provisions that she would be employed so long as she satisfactorily performed the services expected of her, protecting her from discharge for reasons other than good faith dissatisfaction by the employer.

The Plaintiff has a tort action for damages to redress injuries and damages caused by her termination and is entitled to judgement therefore.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION**
**Public Policy against Racial Discrimination**

The Plaintiff here realleges the allegations set forth above in this Complaint.

The Plaintiff holds sincere religious beliefs. Defendants acknowledged and accepted the sincerity of the religious beliefs of the Plaintiff. Plaintiff was terminated for practicing her religion, which is her legal right; to practice her religious beliefs free from discrimination.

Racial discrimination played a role in Plaintiff's termination. Plaintiff is African-American.

Plaintiff knows of other African-American employees who applied for a religious exemption but were not accommodated, and were terminated when they would not get vaccinated.

Plaintiff alleges that certain Caucasian employees who were unvaccinated were allowed to enter the building, while Plaintiff was not.

Plaintiff is within a protected class, was discharged by the Defendants, despite performing her job in a satisfactory manner.

Defendants' termination of Plaintiffs is a pretext for racial discrimination.

COMPLAINT FOR DAMAGES - 9

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-9922
Fax (253) 983-1545

Plaintiff's termination violates a precept of public policy that prohibits employment discrimination that is forbidden by federal and state law.

### SIXTH CAUSE OF ACTION
### Public Policy Tort Claim Against Racial Discrimination

The Plaintiff here realleges the allegations set forth above in this Complaint.

The Plaintiff holds sincere religious beliefs, which Defendants acknowledged and accepted.

Plaintiff was terminated for practicing her religion, which is a legal right of the Plaintiff.

Racial discrimination played a role in Plaintiff's termination. Plaintiff is African-American.

Plaintiff knows of other African-American employees who applied for a religious exemption but were not accommodated, and were terminated when they would not get vaccinated.

Plaintiff alleges that certain Caucasian employees who were unvaccinated were allowed to enter the building, while Plaintiff was not.

Plaintiff was terminated in retaliation for exercising her religious beliefs, and her race was a factor used against her.

Plaintiff had an employment agreement that could only be terminated for just cause.

Plaintiff's termination violates a precept of public policy that prohibits employment discrimination without just cause.

Plaintiff had an employment agreement containing express or implied provisions that she would be employed so long as she satisfactorily performed the services expected of her, protecting her from discharge for reasons other than good faith dissatisfaction by the employer.

The Plaintiff has a tort action for damages to redress injuries and damages caused by her termination and is entitled to judgement therefore.

COMPLAINT FOR DAMAGES - 10

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)**

Plaintiff realleges the foregoing paragraphs with the same force and effect and incorporates the same as though fully set forth herein.

Defendants City of Seattle and Seattle City Light and their employees subjected Plaintiff to disparate, different, and worse treatment than similarly-situated employees who were younger than the Plaintiff.

The above-referenced discrimination and harassment happened because of Plaintiff's age and were unwelcome to Plaintiff, and were sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment, constituting a hostile work environment.

Employees of Defendant City of Seattle and Seattle City Light and other Defendants, each had direct or chain of command supervisory authority over Plaintiff and participated in and/or created the above-referenced hostile work environment.

Defendants City of Seattle and Seattle City Light and other Defendants had actual, constructive, and or imputed notice and knowledge of the above-referenced discrimination and harassment but failed to take prompt and effective remedial action reasonably calculated to stop the discrimination and harassment and prevent its future occurrence.

As a direct and proximate result of the discrimination and hostile work environment referred to above, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of job opportunities, earnings and employment benefits, as well as physical, emotional, and mental distress.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF WASHINGTON STATE LAW AGAINST AGE DISCRIMINATION**

Plaintiff realleges the foregoing paragraphs and incorporates them herein by this reference as if fully set forth herein.

COMPLAINT FOR DAMAGES - 11

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-9922
Fax (253) 983-1545

Defendants City of Seattle and Seattle City Light and their employees subjected Plaintiff to disparate, different, and worse treatment than similarly-situated employees who were younger than the Plaintiff.

As a direct and proximate result, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of job opportunities, earnings and employment benefits, as well as physical, emotional, and mental distress.

## NINTH CAUSE OF ACTION
### Wage Theft

The Plaintiff here realleges the allegations set forth above in this Complaint.

The term "wages" is liberally defined under Washington Law and includes, without limitation, salaries, benefits, and vested pension rights.

Pension rights are vested upon the commencement of employment in Washington State and was vested in the Plaintiff.

The Plaintiff has been wrongfully deprived of her wages and benefits, including pension rights, and are entitled to judgement therefore.

## TENTH CAUSE OF ACTION
### Violation of Wash. Const. Art. I, Sec. 11.

The Plaintiff here realleges the allegations set forth above in this Complaint.

The Plaintiff enjoys "Absolute freedom of conscience in all matters of religious sentiment, belief, and worship, shall be guaranteed to every individual, and no one shall be molested or disturbed in person, or property, on account of religion."

The Plaintiff has been disturbed in both her person and property on account of her religion.

Even if the vaccine did prevent transmission, the policy at issue here is not "narrowly tailored," it does not achieve a compelling purpose using the "least restrictive means."

The Plaintiff has been damaged in an amount to be proved at trial.

COMPLAINT FOR DAMAGES - 12

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-9922
Fax (253) 983-1545

1
2

### ELEVENTH CAUSE OF ACTION
### Violation of Right to be Free from Arbitrary and Capricious Action

3

The Plaintiff here realleges the allegations set forth above in this Complaint.

4

The Plaintiff has a "fundamental right" "to be free from arbitrary and capricious government

5

action. *Pierce Cnty. Sheriff v. Civ. Serv. Comm'n of Pierce Cnty.*, 98 Wn. 2d 690, 693–94(1983).

6

In light of the CDC's latest guidance, and the City of Seattle's similarly revised guidance, and/or

7

with the current knowledge that the vaccines do not prevent transmission, the "vaccinate or terminate"

8

policy at issue in this case is arbitrary and capricious.

9

The Plaintiff has been adversely impacted by the Defendants' arbitrary and capricious conduct.

10

The Plaintiff has been damaged in an amount to be proved at trial.

11

### PRAYER FOR RELIEF

12

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against all Defendants

13

as available under law and as follows:

14
15

1.      General damages for emotional distress in an amount to be proven at the time of trial.

16

2.      Pre and post judgement interest as authorized by the statute.

17

3.      Actual damages under RCW 49.60, *et seq*.

18

4.      A money judgment for lost wages/back pay as broadly defined by statute and caselaw,

19

including, without limitation, the loss of benefits, including but not limited to, valuable

20

pension rights, unpaid or reduced in value since February 7, 2022, in an amount to be

21

proven at the time of trial.

22

5.      Prejudgment interest in an amount to be proven at the time of trial.

23

6.      Lost fringe benefits in an amount to be proven at the time of trial.

24

7.      Punitive damages in an amount to be proven at the time of trial.

25

8.      Reasonable attorney's fees and costs of suit.

26

9.      For whatever further and additional relief the court shall deem to be just and equitable.

27

COMPLAINT FOR DAMAGES - 13

28

Vicky J. Currie
732 Pacific Ave
Tacoma, WA 98402
Telephone (253) 588-9922
Fax (253) 983-1545

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.


DATED this 22nd day of November 2022.

Law Office of VICKY J CURRIE


By: *Vicky J Currie*
VICKY J CURRIE, WSBA #24192
732 Pacific Avenue
Tacoma, WA 98402
Ph 253.588.9922 Fax 253.983.1545
currielawfirm@gmail.com
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES - 14