HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONICA JONES, an individual,

    Plaintiff,

  v.

CITY OF SEATTLE and SEATTLE CITY LIGHT,

    Defendants.

Case No. 2:22-cv-01668-RAJ

**ORDER GRANTING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND GRANTING DEFENDANTS' MOTION TO COMPEL**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Monica Jones' ("Plaintiff" or "Ms. Jones") Motion for a Protective Order (Dkt. # 21) and Defendants City of Seattle and Seattle City Light's ("Defendants") Motion to Compel (Dkt. # 25). For the reasons stated below, Plaintiff's Motion for a Protective Order is **GRANTED** and Defendants' Motion to Compel is **GRANTED**.

## II. BACKGROUND

**A.) Procedural Background**

Plaintiff's Complaint, filed in November 2022, concerns her time as a Credit and Collections Supervisor at Seattle City Light, which is a department of the City of Seattle. Dkt. # 1 (Compl.) at 2. Plaintiff, who was employed with Seattle City Light from 2002 to

ORDER – 1

2022, sought a religious exemption from Seattle's Covid-19-related vaccination requirement. *Id*. at 3. According to Plaintiff, Defendants failed to accommodate her sincerely held religious belief against vaccinations by allowing her to continue working remotely. *Id*. at 4. According to Plaintiff, her then-boss Luis Amezcua displayed bias against her and refused to accommodate her, and several African American employees (such as Plaintiff) were fired from their jobs while white unvaccinated employees were allowed to keep their jobs. *Id*. at 5. Plaintiff brings eleven claims against Defendants, including failure to accommodate, disparate impact, religious discrimination, and racial discrimination claims under the Washington Law Against Discrimination (WLAD), tort claims for religious and racial discrimination, age discrimination under the Age Discrimination in Employment Act (ADEA) and Washington law against age discrimination, wage theft, and violations of the Washington constitution and Plaintiff's right to be free from arbitrary and capricious action. *Id.* at 7-13. Plaintiff seeks general damages, actual damages under RCW 49.60, *et seq.*, a money judgment for lost wages, back pay, and pension rights, lost fringe benefits, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs. *Id*. According to Plaintiff's statements at her deposition and her discovery responses, she seeks damages of $13,000,000. Dkt # 26 (Declaration of Parris Watts ISO Motion to Compel), Ex. A at 71:8-13; *see also* Dkt. # 26, Ex. E at 13 (Defendants' Interrogatory No. 11 and Answer). Defendants filed their Answer in February 2023. Dkt. # 10.

**B.) Discovery to Date**

In July 2020, Defendants served Plaintiff with their First Interrogatories and Requests for Production, with Plaintiff's responses due on August 21, 2023. Dkt. # 23 (Declaration of Parris Watts ISO Defendants' Opposition), Ex. D. The parties agreed to extend the deadline and, after the parties held a meet and confer and Defendants sent to Plaintiff a deficiency letter, Plaintiff supplemented her responses on November 3, 2023. Dkt. # 23 ¶ 3-7. According to Defendants, Plaintiff's supplemental responses were

ORDER – 2

deficient, so Defendants served a second deficiency letter on December 22 and the parties held a meet and confer on December 27. Dkt. # 23 ¶ 8-9. As part of their discovery requests, Defendants seek recordings and discoverable materials that memorialize facts related to Plaintiff's liability claims or damages (RFP Nos. 28, 29). Dkt. # 23, Ex. D.

At Plaintiff's deposition in November, she testified that that she intended to submit documentation of her children's monthly private school tuition as part of her damages claim. Dkt. # 23, Ex. A at 64:18-65:3. Plaintiff testified that, due to her termination from Seattle City Light, she relied on her mother to pay her children's school tuition at Holy Names Academy. *Id*. at 66:1-3. On December 22, 2023, Defendants served Plaintiff with a Notice of Intent to Subpoena Holy Names and a copy of the subpoena that seeks "All documentation related to tuition payments, including waivers, discounts, and/or grants (if any), for the minor child of Monica Jones between October 2021 through present." Dkt. # 23, Ex. G. The parties disagree as to whether the subpoena directed to Holy Names was discussed during their December 27 meet and confer, with Plaintiff indicating that she was under the impression that Defendants would not act on the subpoena, because Plaintiff agreed to provide all requested information by January 12, 2024 as part of her discovery responses. Dkt. # 21 at 2. Defendants state that the issue of the subpoena did not come up during the meet and confer, and Defendants, having received no objection from Plaintiff, served the subpoena on the school on December 29, 2022. Dkt. # 23 ¶ 12.

That same day, Plaintiff sent a letter to Defendants objecting to the subpoena, arguing that she wanted to protect her children from the effects of her lawsuit. Dkt. # 21, Ex. B. Further, Plaintiff requested that Defendants work with her to obtain the requested documentation without the involvement of her children's schools. *Id*. According to Defendants, Holy Names' Director of Finance called Defendants' counsel on December 29 to express their willingness to provide the requested documentation. Dkt. # 23 ¶ 13. However, on January 2, 2024, Holy Names (through counsel) sent a letter to Defendants objecting to the subpoena on the grounds that the subpoena was improperly served,

ORDER – 3

overbroad, and concerns the confidential education information of a minor. Dkt. # 23, Ex. K. Holy Names requested a protection order, considering the sensitive nature of the documents requested by Defendants. *Id*. On January 5, 2024, Plaintiff transmitted tuition and fee payment information to Defendants via email. Dkt. # 21, Ex. D. Plaintiff produced an email displaying what appears to be screenshots of transactions from May 16, 2022 to January 3, 2024; however, Plaintiff's email did not indicate to whom the payments were made or from what database or program the transactions were pulled, and the documents did not reference Holy Names at all. Dkt. # 23, Ex. M. Defendants indicated that they still intended to act on the subpoena. Dkt. # 21, Ex. D.

Plaintiff then moved for the entry of a protective order that provides that all school records of Plaintiff's minor child S.J.B., including tuition payment information, be marked as "confidential" and subject to the provisions set forth in this District's Model Protective Order. *Compare* Dkt. #21-1 (Plaintiff's Proposed Protective Order) *with* Western District of Washington Model Stipulated Protective Order.[1] Soon thereafter, Defendants filed a Motion to Compel, seeking more complete responses to several Interrogatories and Requests for Productions. Dkt. # 25. On March 1, 2024, this Court held a teleconference where the parties presented arguments regarding the pending motions that are now before the Court.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits parties to obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Considerations regarding the scope of discoverable information include the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

---

[1] *Available at*: https://www.wawd.uscourts.gov/sites/wawd/files/ModelStipulatedProtectiveOrder%20CLEAN_2.1.23.pdf.

ORDER – 4

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*.

Under Rule 26(c), courts may, for good cause, limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden" and forbid inquiry into certain matters. Fed. R. Civ. P. 26(c)(1)(D). The burden of persuasion is on the party seeking the protective order to show good cause by "demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004). "If a court finds a particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors. Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Ultimately, the decision to issue a protective order lies within the court's discretion. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004).

## IV.  DISCUSSION

### A.) Motion for Protective Order (Dkt. # 21)

Plaintiff seeks a protective order designating Plaintiff's minor child's school records, including tuition records and documents related to any grants or discounts received by Plaintiff, as "confidential material." Dkt. # 21-1 (Plaintiff's Proposed Protective Order). Plaintiff argues that a protective order is necessary because she has already provided Defendants' counsel with the requested tuition information. Dkt. # 21 at 1. Further, Plaintiff notes that she does not want her daughter involved in the case in any way, "if it is preventable." *Id.* Holy Names objects to the production of the requested documents, arguing that the records requested "extend beyond the scope of the litigation," but also requests the entry of a protective order to protect Plaintiff's child's privacy. Dkt. # 23, Ex. K.

Defendants oppose Plaintiff's request, arguing that the documents sought from Holy Names are relevant to Plaintiff's damages claim. Dkt. # 22 at 7. Defendants further argue

ORDER – 5

that the documents are relevant to their defenses, including whether Plaintiff's monetary claims have a nexus to her termination and whether Plaintiff failed to mitigate her damages. *Id.*

Here, Plaintiff has the burden of demonstrating why discovery of her minor child's tuition records should not be allowed, *Blankenship v. Hearst Corp.*, 519 F.2d 419, 429 (9th Cir. 1975), and that entry of a protective order would protect her from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). However, Plaintiff fails to establish that she (or even her minor child) will suffer "annoyance, embarrassment, oppression, or undue burden or expense" due to the production of these records. The information is clearly relevant to Plaintiff's damages claim, and Defendants' request for "tuition payments, including waivers, discounts, and/or grants (if any) … between October 2021 through present" is narrowly targeted. Further, the request puts little burden on Plaintiff, since the school has already amassed the documentation, according to the conversation between Holy Names' Director of Finance and defense counsel. Dkt. # 25 ¶ 13.

Based on Plaintiff's stated damages claim, this Court finds that discovery of the tuition-related materials from Holy Names to be appropriate. Additionally, the Court acknowledges that the privacy rights of Plaintiff's minor child are implicated by Defendants' subpoena. "Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (citing *Breed v. United States Dist. Ct. for Northern District*, 542 F.2d 1114, 1116 (9th Cir. 1976)). The party or person whose privacy is affected may object to the request or seek a protective order, as Plaintiff has done here. *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987). The Court must balance the need for the information sought with the privacy right asserted, and a "tightly crafted" protective order can "minimize the impact of the required disclosure." *Noble v. City of Fresno*, No. 1:16-cv-01690, 2017 WL 5665850, at *5 (E.D. Cal. Nov. 27, 2017) (citing *Kelly v. City of*

ORDER – 6

*San Jose*, 114 F.R.D. 653, 662 (N.D. Cal. 1987)). Given the potential privacy interests implicated and the relevance of the documents, the Court finds that good cause exists to enter a "tightly crafted" protective order ensuring that the Plaintiff's child's school and tuition-related documents are kept confidential. Plaintiff's Motion for a Protective Order (Dkt. # 21) is **GRANTED**. Plaintiff shall coordinate with Holy Names to facilitate the production the requested documents by Tuesday, March 5, 2024 no later than 5 p.m. Further, the parties shall ensure that identifying information within the documents, such as the minor child's name and birthdate, be redacted. The parties shall use the child's initials in any documents filed with the Court. Because Plaintiff is a party to this matter, her name shall not be redacted or concealed in any records produced or filed with the Court.

### B.) Motion to Compel (Dkt. # 25)

Defendants allege that Plaintiff's discovery responses remain deficient, despite the two deficiency letters sent by Defendants and the three conferences held by counsel. Dkt. # 25 at 11. Further, Defendants argue that Plaintiff waived her right to object to Defendant's requests by failing to raise timely objections. *Id.* at 7 (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)). Plaintiff opposes the City's motion, arguing that she has provided full information and that she does not know what further information Defendants seek. Dkt. # 27 at 2. Further, Plaintiff contends that she has provided financial records, such as a 2023 paystub and her 2022 tax return, and other records such as payroll and personnel records from Seattle City Light have been available to Defendants (and their expert) for months. *Id*. As to damages, Plaintiff asserts that the majority of her damages are non-pecuniary, difficult to calculate, and include emotional distress, pain and suffering, humiliation, inconvenience, and impact on her well-being and quality of life. *Id.*

//
//
//

ORDER – 7

//

Defendants sort Plaintiff's allegedly deficient discovery responses into four groups:

*Failure to provide required level of detail in responses and failure to confirm all relevant responsive documents have been provided.*

- ROG No. 5: State with particularity whether You have ever filed a charge or complaint with any federal, state, or local accreditation, licensing, regulatory, compliance, enforcement, government and/or quasi-governmental agency or organization, including without limitation the Seattle Office for Civil Rights (or its counterpart in other cities), the Washington State Human Rights Commission (or its counterpart in other states), the Equal Employment Opportunity Commission, the Department of Labor (or its state-level counterparts), and/or the Washington State Department of Labor and Industries. With respect to each such charge or complaint, Your answer should identify: its substance; its identification number; the date it was submitted/filed; the agency to which it was submitted/filed; whether it was also submitted to the City and, if so, when, how and to whom; and its disposition before the agency (e.g., pending, dismissed, etc.).

- ROG No. 6: Describe each and every job (including self-employment), full time or part-time, that You have held since December 1, 2021 to the present (other than employment with the City), including:
    a) The name and address of the company, business, enterprise, or public employer and the nature of its business;
    b) The dates of such employment or self-employment;
    c) The title of each position held, the dates of each position held, the duties and responsibilities of each position held, the salary and benefits received in each position held;
    d) All supervisors to whom You reported in each position held;
    e) If You left any employment, explain the reasons and circumstances surrounding the termination or resignation;
    f) The gross earnings that You received to date from each of the above employers, itemized on an annual basis; and
    g) All benefits offered by and/or received from each employer.

*Failure to provide complete responses or produce requested documents.*

- ROG No. 8: Identify all social media accounts (including, but not limited to, Facebook, Twitter, LinkedIn, SnapChat, Instagram, Myspace, and Google+) used by You or other person(s) acting on Your behalf to engage in communication about Your application for employment or employment with the City, or about the

ORDER – 8

allegations in the Amended Complaint.

- RFP No. 15: Produce all documents that refer or relate to Your answer to the proceeding Interrogatory. [Interrogatory No. 15: State each and every fact and circumstance upon which You rely upon to support Your claim that the Defendant's termination of Plaintiff is a pretext for religious discrimination and Plaintiff's termination violates a precept of public policy that prohibits employment discrimination as set forth in the Third Cause of Action in the Amended Complaint. Your answer should identify each alleged act; identify and/or describe, as applicable, the date it occurred; the person(s) who committed it; and any other person(s) who witnessed it or otherwise has personal knowledge related to it.]

- RFP No. 16: Produce all documents that refer or relate to Your answer to the proceeding Interrogatory. [Interrogatory No. 16: State each and every fact and circumstance upon which You rely upon to support Your claim that the Plaintiff's termination violated a precept of public policy that prohibits employment discrimination without just cause as set forth in the Fourth Cause of Action in the Amended Complaint. Your answer should identify each alleged act; identify and/or describe, as applicable, the date it occurred; the person(s) who committed it; and any other person(s) who witnessed it or otherwise has personal knowledge related to it.]

- RFP No. 20: Produce all documents that support your Ninth Cause of Action (Wage Theft).

*Failure to produce any response or documents.*

- ROG No. 2: Identify all litigation to which You were a party, either as a plaintiff or defendant. For each litigation identified, state: a) The name of the case; b) The case number or other identifier; c) The year the case was filed; d) The jurisdiction in which the case was (or is) being adjudicated; and e) The disposition or current status of the case.

- ROG No. 11: Identify with particularity all damages You are claiming for the City's alleged unlawful acts as set forth in the Amended Complaint, including the dollar amount, a detailed explanation of how You computed the dollar amount, and a breakdown based on each element of the claimed damages (e.g., front pay, back pay, etc.). This Interrogatory is also a request for statement of damages pursuant to RCW 4.28.360.

- RFP No. 27: Produce any calendars, diaries, or journals that You created or kept from January 1, 2018 to present.

ORDER – 9

//
//

*Failure to provide a complete response, objection, or documents.*

- ROG No. 9: List all e-mail addresses, including, but not limited to, corporate email, personal email, Gmail, Hotmail, or other such addresses You have used since the date on which You first sought employment with the City. For each, indicate use of that email began, the date use of the email ended, and if the address remains active.

- RFP No. 11: Please produce all documents that refer or relate to any evaluation, awards, corrective action, or accolades, whether formal or informal, of Your work performance for the City.

*Failure to provide documents that Plaintiff represents were produced at her deposition.*

- RFP No. 7: Produce all documents that refer or relate to Your answer to [Interrogatory No. 6].

- RFP No. 9: Produce all documents, including without limitation bills, statements, correspondence, progress notes, and prescriptions, that refer or relate to Your answer in Interrogatory No. 10. [Interrogatory No. 10: Identify with particularity every physical, emotional or mental ailment, complaint, condition, injury, or illness, which You claim to have suffered as a result of the wrongful conduct alleged in the Amended Complaint and indicate which, if any, of these conditions are unresolved, i.e., continue to exist or are likely to recur.]

- RFP No. 23: Produce all income tax returns and all attachments thereto (W-2s, 1099s, schedules, paycheck stubs, etc.) for the years 2022 through the present.

- RFP No. 24: Produce all documents, including without limitation email, paycheck stubs, ledger sheets, check registers, commission statements, unemployment compensation, Social Security benefits, veterans' benefits, and statements, that reflect money earned by, given to, or awarded to You, whether received or not, at any time since February 7, 2022.

- RFP No. 26: Produce all documents that refer or relate to Your answer to Interrogatory No. 20. [Interrogatory No. 20: Have you attempted to minimize the amount of your lost income? If so, describe how. If not, explain, why not.]

After reviewing Plaintiff's initial and supplemental responses, this Court finds several of Plaintiff's responses to be incomplete. While the Court notes that Plaintiff

ORDER – 10

indicated that she has produced all responsive documents within her care, custody, or control in response to many requests, there are several requests for which Plaintiff provided no answer (for example, Interrogatory Nos. 2, 11) or provided limited or unclear answers (Interrogatory No. 8). Dkt. # 26, Ex. H. And Plaintiff's explanation that "she is tired of being constantly told that what she provided does not meet [Defendants'] standards" fails to explain why answers to some requests appear to have been left completely blank. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("It is well settled that all grounds for objection must be stated with specificity.").

Defendants' requests appear to be proportional and relevant to the eleven claims asserted by Plaintiff and her request for $13,000,000 in damages, *see* Fed. R. Civ. P. 26(b)(1), and "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005). Further, the Court sees no justification for Plaintiff's incomplete production, given that Defendants have sent two deficiency letters and the parties have met and conferred several times. Consequently, Defendants' Motion to Compel is **GRANTED**. Plaintiff is ordered to provide full answers to each deficient Interrogatory and Request for Production answer identified by Defendants Tuesday, March 5, 2024 no later than 5:00 p.m. For each deficient answer identified by Defendants, Plaintiff must make an affirmative representation that she has searched for responsive material and exhausted all means of obtaining such material. Further, Plaintiff must affirmatively represent that no further responsive material exists or that she is unaware of any other responsive material.

**C.) Attorney's Fees and Costs**

Defendants seek attorney's fees in connection with their opposition to Plaintiff's motion for a protective order, Dkt. # 22 at 10, and their motion to compel. Dkt. # 25 at 9. The Court declines to award attorney's fees at this time. However, the parties should be alerted that the Court will consider such actions should either violate any Federal or Local Rules, or engage in dilatory conduct in connection with discovery in the future.

ORDER – 11

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for a protective order. Dkt. # 21. Plaintiff shall coordinate with Holy Names to facilitate the production of the requested documents by Tuesday, March 5, 2024 no later than 5:00 p.m. Further, the parties shall ensure that identifying information within the documents, such as the minor child's name and birthdate, be redacted. The parties shall use the child's initials in any documents filed with the Court. Because Plaintiff is a party to this matter, her name shall not be redacted or concealed in any records produced or filed with the Court.

The Court **GRANTS** Defendants' Motion to Compel. Dkt. # 25. Plaintiff is ordered to provide full answers to each deficient Interrogatory and Request for Production answer identified by Defendants by Tuesday, March 5, 2024 no later than 5:00 p.m. For each deficient answer identified by Defendants, Plaintiff must make an affirmative representation that she has searched for responsive material and exhausted all means of obtaining such material. Further, Plaintiff must affirmatively represent that no further responsive material exists or that she is unaware of any other responsive material.

DATED this 1st day of March, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER – 12