**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONICA JONES,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF SEATTLE; SEATTLE CITY LIGHT,<br><br>    Defendants - Appellees. | No. 24-4602<br>D.C. No.<br>2:22-cv-01668-RAJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted May 29, 2026[**]

Before: BUMATAY, SANCHEZ, and H.A. THOMAS, Circuit Judges;
Partial Dissent by Judge Bumatay.

Plaintiff Monica Jones appeals the district court's order excluding expert

witness testimony and granting summary judgment to Defendants City of Seattle

and Seattle City Light ("City Light").  We review the district court's exclusion of

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

expert witness testimony for abuse of discretion. *United States v. Laurienti*, 611

F.3d 530, 547 (9th Cir. 2010). We review de novo the district court's grant of

summary judgment, *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 269 (9th Cir.

1996), and affirm when there is no genuine issue of material fact and the moving

party is entitled to judgment as a matter of law, *see* Fed. R. Civ. P. 56(a). We have

jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court's exclusion of expert witness testimony was not an

abuse of discretion. Jones did not disclose the identity of her expert witnesses, as

required by Federal Rule of Procedure 26(a)(2), by the deadline set forth in the

district court's case management order. Because Jones does not explain why her

failure to timely identify her expert witnesses was substantially justified or

harmless, excluding the witnesses was within the district court's discretion. *See*

Fed. R. Civ. P. 37(c)(1).

2. We affirm the district court's grant of summary judgment to City Light

on Jones's public policy tort claim. Jones argues that she was wrongfully

discharged in violation of public policy because her termination involved religious

and racial discrimination. The district court erred when it rejected that claim on

the basis that the Washington Law Against Discrimination ("WLAD") "provides

adequate remedies" to Jones's alleged discrimination. The Supreme Court of

Washington has abrogated its precedent "to the extent that it has required an

adequacy, rather than an exclusivity, analysis of alternative remedies," and has held that "[s]tatutory alternatives will not preclude tort recovery unless such preclusion is either implied or expressed by the statute." *Rose v. Anderson Hay & Grain Co.*, 358 P.3d 1139, 1147 (Wash. 2015) (en banc). Nevertheless, "we may affirm the district court's grant of summary judgment on any ground supported by the record." *Cruz v. Nat'l Steel & Shipbuilding Co.*, 910 F.3d 1263, 1270 (9th Cir. 2018).

We affirm on the alternative ground that Jones has not created a genuine dispute of material fact that her "termination may have been motivated by reasons that contravene a clear mandate of public policy," which Jones must show to prevail on her tort claim. *Suarez v. State*, 552 P.3d 786, 801 (Wash. 2024). This element "requires two steps. First, the 'public policy' was manifested in the constitution, statute, regulatory provision, or court decision. Second, the conduct associated with the public policy was a 'significant factor' in the decision to terminate the worker." *Id.* (citation omitted). Here, Jones has not presented a triable dispute that religious and racial discrimination was a significant factor in City Light's decision to terminate her. The district court denied relief to Jones on her religious and racial discrimination claims brought under WLAD, and Jones does not challenge those determinations on appeal.

We disagree with the dissent's conclusion that Jones's appeal of the district

3                                                                      24-4602

court's grant of summary judgment on her public policy tort claim was, indirectly, an appeal of her WLAD failure-to-accommodate claim. Although we must liberally construe Jones's claims as a pro se plaintiff, *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), Jones makes no mention of her bona fide religious belief or the district court's resolution of that issue. In her briefing before the district court, Jones did not ground her public policy tort claim in a failure-to-accommodate theory either. She instead asserted that her termination violated public policy because "similarly situated white and younger" employees could work remotely while she could not.

3. The district court properly granted summary judgment for City Light on Jones's claim that her termination violated Article I Section 11 of the Washington Constitution.[1] Jones makes no argument that City Light's denial of her vaccine exemption "constitutes a burden" on her "sincere religious belief" for which City Light lacks a "compelling state interest." *See Open Door Baptist Church v. Clark County*, 995 P.2d 33, 38–39 (Wash. 2000) (quoting *Munns v. Martin,* 930 P.2d 318, 321 (Wash. 1997)).

4. Jones has waived her remaining claims. We decline to consider arguments that Jones has made for the first time on appeal, or raised for the first

---

[1] We do not address Jones's separate claim that her termination violated Article I Section 7 of the Washington Constitution, because Jones did not raise that claim before the district court.

time in her reply brief. *See United States v. Alcan Elec. & Eng'g, Inc.,* 197 F.3d 1014, 1020 (9th Cir. 1999).

**AFFIRMED.**

FILED

JUN 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Jones v. City of Seattle*, No. 24-4602
BUMATAY, Circuit Judge, dissenting in part:

It's well-established that we treat the filings of pro se litigants liberally. "This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). And like "pro se pleadings," we "liberally construe[] . . . pro se appellate briefs"— "particularly where civil rights claims are involved." *Id.*

Monica Jones asserts that Seattle violated her freedom of religion under both the Washington State Constitution and the Washington Law Against Discrimination (WLAD). The district court granted summary judgment on her WLAD claim, ruling that she lacked a bona fide religious belief and, therefore, that the State didn't fail to accommodate her. And it denied her constitutional claim, merely stating that "there is no material issue of fact" on the claim.

On appeal, she directly challenges the district court's WLAD failure-to-accommodate and state constitutional rulings. She argues that "[t]he District Court erred in granting summary judgment for the City of Seattle" and her "termination due to her refusal to comply with the COVID-19 vaccine mandate, based on her religious beliefs, was an infringement on public policy principles." Even more, she directly states that "[t]he City's refusal to provide a meaningful accommodation demonstrates a direct violation of Washington's public policy protecting religious

1

freedoms under both the Washington State Constitution and the Washington Law Against Discrimination (WLAD), RCW 49.60. 180." She then presented two cases that support her failure-to-accommodate theory. Her opening brief also argues that "Seattle's COVID-19 vaccine mandate directly infringed on [Washington State] constitutional protections by terminating Jones based on her refusal to comply with a vaccine mandate that violated her religious beliefs."

This argument is more than enough for a pro se litigant to challenge the district court's findings on appeal in our court. "Construing [Jone's] brief liberally, it is obvious that she is appealing the district court's" denial of summary judgment on her WLAD and constitutional claims based on its finding that she lacked a bona fide religious belief. *See Balistreri*, 901 F.2d at 699. And her "brief identifies and challenges the specific legal ground of the district court's ruling:" the district court's holding that her "religious beliefs" were not violated. *Id.* Thus, we "must . . . reject[]" any claim that her "opening brief fails to set forth any specific error by the district court." *Id.* (simplified).

Turning to those merits, the district court clearly erred in determining that Jones failed to create a genuine dispute of material fact as to her bona fide religious beliefs. Jones cited multiple religious grounds to establish her religious claim. She identified her religious beliefs—Christianity—and explained her "request for religious exemption was based on a sincerely held religious belief that she has

2

practiced for over 30 years."  During her deposition, she explained that her religious beliefs were grounded in the Bible's instruction to "[f]ollow no man" and her view, informed by Scripture, that the vaccine is "connected to the 'mark of the beast.'"  In her Declaration in Response to Defendant's Motion for Summary Judgment, Jones explained that the "COVID-19 vaccine contains fetal cell lines," which her "faith will not allow" because it would render her complicit in elective abortion. Collectively, Jones has shown that her religious beliefs prohibit her from taking the COVID-19 vaccine, establishing a "sufficient nexus between her religion and the specific belief in conflict with" Seattle's COVID-19 mandate.  *Detwiler v. Mid-Columbia Med. Ctr.*, 156 F.4th 885, 895 (9th Cir. 2025).  She thus created a genuine dispute of material fact as to whether Jones had a bona fide religious belief that barred her from taking the COVID-19 vaccine.

The district court discounted all this evidence simply because her mother stated she was in fact Buddhist and because the district court couldn't understand the religious context of opposing a vaccine believed to be created from aborted fetal cells.  Come on!  That's not the summary judgment standard.  Mother might know best, but she may not know everything.  I would reverse the district court's summary judgment conclusions on Jones's WLAD and constitutional claims based on religious discrimination.

The majority doesn't disagree that the district court botched the summary judgment standard but wrongly asserts that Jones failed to raise her WLAD and constitutional claims on appeal based on an overly stringent waiver standard inapplicable to pro se litigants. Yes, she might have labeled her WLAD and constitutional claims as "public policy" claims. But for pro se litigants, we don't look to magic passwords in their briefs—we look to the substance of their arguments.

I respectfully dissent.